UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESSA CLAIRE DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>COMENITY BANK,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:16-cv-11517<br><br>DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes VANESSA CLAIRE DAVIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of COMENITY BANK ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1 for Defendant's unlawful practices.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a 59 year old natural person, currently residing at 3 West 120th Street, Chicago, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

7. Defendant is a national banking institution organized under the laws of the United States with its headquarters located in Wilmington, Delaware. Defendant is a foreign company that conducts business with consumers in Illinois.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

9. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11. Over a year ago, Plaintiff obtained a Victoria's Secret consumer credit card issued through Defendant which she used to purchase personal goods for herself and her family. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12. After experiencing financial hardship, Plaintiff defaulted on her payments to Defendant. *See* Exhibit A.

13. Whenever Plaintiff has been late with her payments in the past, Defendant will regularly and persistently call her seeking to collect on the defaulted amount. *Id.*

14. In approximately May 2016, Plaintiff began receiving phone calls to her cellular phone, (312) XXX-2047, from Defendant seeking to collect upon the past due balance. *Id.*

15. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2047. Plaintiff is and has always been financially responsible for the cellular phone and its services.

16. Defendant has used a variety of phone numbers to call Plaintiff's cellular phone, including (913) 312-5191, (913) 312-5192 and (800) 695-2817. *Id.*

17. Upon information and belief, the aforementioned phone numbers are utilized by Defendant to contact consumers during its debt collection activities.

18. When answering calls from Defendant, Plaintiff often experiences a noticeable pause, approximately four seconds in length, before a live person starts speaking. *Id.*

19. On or around May 29, 2016, speaking with one of Defendant's representatives, Plaintiff notified it of her financial difficulties and demanded that it stop calling her. *Id.*

20. Despite her demands, Defendant has continued to regularly call Plaintiff's cellular phone up until November 2016. *Id.*

21. Defendant also leaves pre-recorded voice messages on Plaintiff's cellular phone when she does not answer its calls.

22. Plaintiff has received not less than 8 calls from Defendant after asking it to stop calling her. *Id.*

23. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights, resulting in costs and expenses.

24. Plaintiff has suffered financial loss as a result of Defendant's actions.

25. Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

26. Plaintiff's job performance has been affected by Defendant's calls resulting in financial loss. *Id.*

27. With the goal of ending Defendant's conducts, Plaintiff has purchased and maintained an application on her cellular phone to block the calls. *Id.*

28. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level. *Id.*

29. Plaintiff has suffered concrete harm as a result of Defendant's actions.

.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

32. Defendant used an ATDS in connection with it communications directed towards Plaintiff. The prerecorded messages left on Plaintiff's voicemail are typical of the variety generated by an ATDS. Additionally, the brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS

4

was being used. Finally, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

33. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked.

34. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

35. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, VANESSA CLAIRE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

38. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS after she notified it of her financial situation and requested that it no longer call her phone. Defendant ignored Plaintiff's requests and continued to contact her at least 8 times after she made her request. Following its characteristic behavior in placing voluminous phone calls to consumers with past due accounts, the calls here were placed with the hope that Plaintiff would be compelled to make payment.

39. Not only did Defendant ignore Plaintiff's prompts to cease its calls, and continued to seek payment from her, but it also placed phone calls using a variety of phone numbers in a deceptive attempt to trick Plaintiff into answering and to ultimately coerce her into submission.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As pled in paragraphs 22 through 29, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, VANESSA CLAIRE DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 20, 2016                         Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com